UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TROY CAMPFIELD** | **CIVIL ACTION NO:** |
| **VERSUS** | **IN ADMIRALTY** |
| **CVITANOVIC TOWING, LLC AND CVITANOVIC BROTHERS, INC.** | [Seaman's Action exempt From Filing Fees or Security 28 U.S.C. 1916] |

**************************************************************************

**C O M P L A I N T**

**NOW INTO COURT,** through the undersigned counsel comes the plaintiff, Troy Campfield, who respectfully alleges and shows on information and belief, as follows:

1.

Jurisdiction is founded on the United States Constitution Article III, pursuant to federal jurisdiction over admiralty and maritime claims; the Jones Act, 46 U.S.C. 30104, and the General Maritime Law, 28 U.S.C. 1331, reserving all rights under Louisiana Civil Code Article 2315, et seq.

2.

Plaintiff, Troy Campfield, is a person of the full legal age of majority and a resident of the State of Louisiana.

1

3.

Made Defendants herein are:

A. CVITANOVIC TOWING, LLC, a limited liability company doing business within the State of Louisiana and the jurisdiction of this Honorable Court and engaged in commercial navigation through the Port of New Orleans and other ports and waterways in the State of Louisiana. At all material times hereto, defendant, Cvitanovic Towing, LLC, owned, operated, managed and/or controlled various towing vessels; and

B. CVITANOVIC BROTHERS, INC., a domestic corporation doing business within the State of Louisiana and the jurisdiction of this Honorable Court and engaged in commercial navigation through the Port of New Orleans and other ports and waterways in the State of Louisiana. At all material times hereto, defendant, Cvitanovic Brothers, Inc., owned, operated, managed and/or controlled various towing vessels.

4.

Defendants, Cvitanovic Towing, LLC and/or Cvitanovic Brothers, Inc., are justly and truly indebted unto plaintiff, Troy Campfield, for all damages as reasonable in the premises, for the following reasons to wit:

**FOR THE FIRST CAUSE OF ACTION**

5.

On or about November 19, 2013, plaintiff, Troy Campfield , was a seaman and member of the crew working aboard a vessel. Plaintiff was directly employed by Cvitanovic Towing, LLC

and/or Cvitanovic Brothers, Inc. and was working on the vessel under the operation, control and management of the defendants, Cvitanovic Towing, LLC and/or Cvitanovic Brothers, Inc.

6.

Plaintiff, Troy Campfield, was employed therefore for purposes of Jones Act by the defendants, Cvitanovic Towing, LLC and/or Cvitanovic Brothers, Inc. within the meaning and intent of the Jones Act, 46 U.S.C. 30104.

7.

Petitioner, Troy Campfield, was injured while in the service of the vessel, while executing regular duties and procedures and otherwise serving the mission of the vessel pursuant to the instructions from the foreman and captain onboard the vessel.

8.

The captain was trying to line the vessel up and get it into the right position. While maneuvering the vessel, the vessel hit a rig, throwing the plaintiff backwards causing him to land on his side sustaining shoulder, arm and head injuries to his body.

9.

The accident occurred as a direct result of the unsafe and unseaworthy conditions of the vessel, and its agents, officers and /or crew, in whole or in part, as a direct result and as a direct result of the negligence and lack of attention of the defendants, Cvitanovic Towing, LLC and/or Cvitanovic Brothers, Inc., acting though its servants, employees, and others for whom it is responsible.

10.

Plaintiff's injures were proximately caused by the negligence of the defendants, Cvitanovic

Towing, LLC and/or Cvitanovic Brothers, Inc., its agents, servants and employees and each of them, particularly, but not exclusively, in failing to provide petitioner with a reasonably safe place in which to work, in failing to take a reasonable precaution for petitioner's safety and well being, failing to promulgate and enforce the rules for the reasonably safe conduct of plaintiff's and other work about the said vessel, failure to properly supervise and failure to provide proper safety equipment to plaintiff, including negligent acts of commission and omission and also by the known unseaworthiness of the vessel, its appliances and personnel; and other commission omission negligent acts to be shown at the trial of this matter.

11.

As a direct result of the unsafe and unseaworthy condition of the vessel and the negligence of its crew, plaintiff prays for such damages as are reasonable in the premises including, but not limited to:

a) Pain and Suffering, past and future;

b) Mental Anguish and Emotional Distress, past and future;

c) Loss of Enjoyment of Life, past and future;

d) Lost Wages and Impairment of Earning Capacity, past and future;

e) Maintenance, Cure, and Found, both past and future;

f) Medical Bills, past and future;

g) Punitive Damages as allowed by law; and

h) Other damages to be shown at the trial of this matter.

## FOR THE SECOND CAUSE OF ACTION

12.

Plaintiff repeats and realleges all of the foregoing paragraphs of his First Cause of Action with the same force and effect as if herein set forth at length, and in addition thereto, alleges:

13.

Pursuant to the General Maritime Law of the United States of America, defendants have the absolute and non-delegable duty to provide plaintiff with a safe and seaworthy vessel and appurtenances, a seaworthy crew, and a reasonably safe place to work.

14.

That defendants' vessel were unseaworthy by reason of the aforesaid facts alleged and the injuries sustained by plaintiff were the direct and proximate result of the unseaworthiness of the vessel hereinabove named.

15.

As a direct and proximate result of the unseaworthiness of the vessel, plaintiff suffered damages and injuries as aforesaid and otherwise detailed herein.

16.

Plaintiff is entitled by law to an award of punitive damages for the unseaworthy condition of the vessel.

## FOR THE THIRD CAUSE OF ACTION

17.

Plaintiff repeats and realleges all of the foregoing paragraphs of his First and Second Cause

of Action with the same force and effect as if herein set forth at length, and in addition thereto, alleges:

18.

Pursuant to the General Maritime Law of the United States of America, defendants, Cvitanovic Towing, LLC and Cvitanovic Brothers, Inc., have the absolute and non-delegable duty to provide plaintiff with maintenance, cure, and found benefits from the date he was rendered unfit for duty until maximum cure is achieved.

19.

The defendants, Cvitanovic Towing, LLC and/or Cvitanovic Brothers, Inc., and its insurer are indebted unto plaintiff for past and future maintenance, cure, and found benefits at a daily rate to be decided at trial, due from the date of injury, until maximum cure is achieved, subject to a credit for any previous payments.

20.

The plaintiff is entitled by law for an award of compensatory and/or punitive damages and attorney's fees, if applicable, for the non-payment of maintenance, cure and found benefits.

**WHEREFORE,** plaintiff, Troy Campfield, prays that defendants, Cvitanovic Towing, LLC, and Cvitanovic Brothers, Inc. be served with a copy of this complaint and be required to answer same within the legal delays and after due proceedings had, there be judgment rendered herein in favor of plaintiff and against the defendants for such damages as are reasonable in the premises, together with legal interest thereon from the date of injury until paid and for all costs of these proceedings; and all other just and equitable relief.

Respectfully Submitted:

**JIM S. HALL & ASSOCIATES, LLC**


   /s/ Jim S. Hall
**JIM S. HALL  (#21644)**
**JOSEPH W. RAUSCH (#11395)**
800 N. Causeway Blvd., #100
Metairie, LA 70001
Telephone: 504-832-3000
Email:  jim@jimshall.com
       joe@jimshall.com